UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BATES,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>        Defendant. | No.  2:23-cv-01209 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on September 17, 2020. Administrative Record ("AR") 22.[2] Plaintiff alleged the disability onset date was January 1, 2003. Id.[3] The applications were disapproved initially (AR 164-68), and on reconsideration (AR 174-78). On April 19, 2022, ALJ Vincent Misenti presided over hearings on plaintiff's challenge to the disapprovals. AR 46-78 (transcript). Plaintiff was present and testified at the hearing, represented by attorney John Shook. AR 46. Jeff Komar, a vocational expert, also testified. Id.

On July 6, 2022, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 19-45 (decision). On April 27, 2023, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision).

Plaintiff filed this action on June 22, 2023. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 11 (plaintiff's summary judgment motion), 13 (Commissioner's summary judgment motion).

II. FACTUAL BACKGROUND

Plaintiff was born in 1986, and accordingly was 33 years old when he filed his application. AR 88. Plaintiff has at least some high school education. AR 50.

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF Nos. 10-2 (AR 1 to AR 552).
[3] At the hearing, the claimant, through his representation amended his alleged onset date to September 17, 2020, the application date (hearing test). AR 23.

1  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews
2  v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

3        Substantial evidence is "more than a mere scintilla," but "may be less than a
4  preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such
5  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
6  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While
7  inferences from the record can constitute substantial evidence, only those 'reasonably drawn from
8  the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation
9  omitted).

10        Although this court cannot substitute its discretion for that of the Commissioner, the court
11  nonetheless must review the record as a whole, "weighing both the evidence that supports and the
12  evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,
13  846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The
14  court must consider both evidence that supports and evidence that detracts from the ALJ's
15  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

16        "The ALJ is responsible for determining credibility, resolving conflicts in medical
17  testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th
18  Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of
19  which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,
20  278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the
21  ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn
22  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.
23  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on
24  evidence that the ALJ did not discuss").

25        The court will not reverse the Commissioner's decision if it is based on harmless error,
26  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the
27  ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.
28  2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis,

the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since September 17, 2020, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: epilepsy, varicose veins, and personality disorder[4] (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can occasionally climb ramps and stairs but cannot climb ladders and scaffolds.  The claimant cannot work around unprotected heights.  The claimant should avoid concentrated exposure to moving mechanical parts.  The claimant can understand remember and carry out simple, routine, and repetitive tasks using judgment limited to simple work related decisions.  The claimant can occasionally interact with supervisors, coworkers, and the public.  The claimant can tolerate occasional changes in the work setting.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in] 1986, and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has a limited education (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not

---

[4] Treatment notes also refer to personality disorder as schizoaffective disorder (Ex. B1F/6). Regardless of the terminology used for such impairment, it has been evaluated herein (Ex. B1F/6).

disabled," whether or not the claimant has transferable job skills (20 CFR 416.968).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 17, 2020, the date the application was filed (20 CFR 416.920(g)).

AR 25-39.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 40.

## VI.  ANALYSIS

Plaintiff alleges the ALJ's step-five finding was not supported by substantial evidence. ECF No. 11 at 5.

### A. The ALJ's Step Five Finding is Not Supported by Substantial Evidence

Plaintiff alleges that the ALJ's decision at Step Five was not supported by substantial evidence.  ECF No. 11 at 5.  Specifically, plaintiff contends that the ALJ's finding that plaintiff can work as a sub assembler (DOT 729.684-054), a routing clerk (DOT 222.687-022), or as an addresser (DOT 209.587-010) is unsupported because these positions require, at minimum, a DOT "Level 2" reasoning capacity which exceeds the assessed limitation to "*occasional* changes in the work setting."  Id. at 5-6.  The undersigned agrees.

The ALJ's factual findings are "'conclusive' in judicial review of the benefits decisions so long as they are supported by 'substantial evidence.'"  Biestek v. Berryhill, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)).  The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close."  Id. at 1154, 1157; Ford v. Saul, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting Biestek); see also Valentine v. Astrue, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review").  Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal citation omitted).

////

1    At Step Five of the sequential evaluation process, the ALJ has the burden "to identify
2 specific jobs existing in substantial numbers in the national economy that [a] claimant can
3 perform despite [his] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th
4 Cir.1995); see also 20 C.F.R. § 416.920(g).  The ALJ may consult a series of vocational
5 resources, including a vocational expert (VE) and the Dictionary of Occupational Titles (DOT).
6 See Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017).  When there is an apparent
7 unresolved conflict between VE evidence and the DOT, the adjudicator must elicit a reasonable
8 explanation for the conflict before relying on the VE evidence to support a determination or
9 decision about whether the claimant is disabled.  See Zavalin v. Colvin, 778 F.3d 843, 846 (9th
10 Cir. 2015) (citing Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (the ALJ has an
11 affirmative duty to "ask the expert to explain the conflict and then determine whether the VE's
12 explanation for the conflict is reasonable" before relying on the expert's testimony to reach a
13 disability determination).  An ALJ's failure to resolve an apparent inconsistency may lead us with
14 a gap in the record that precludes us from determining whether the ALJ's decision is supported by
15 substantial evidence.  Zavalin, 778 F.3d at 846.

16    The DOT defines the requirements of Reasoning Level 1 as:

> Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

19 ECF No. 11-2 at 3.  In contrast, Reasoning Level 2 requires one to:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

23 ECF No. 11-1 at 2, 5, 9.

24    Plaintiff argues that "occasional changes" corresponds with Reasoning Level 1, therefore
25 when the ALJ imposes a limitation to "occasional changes in the work setting" the VE's
26 recommendation conflicts with the DOT in identifying work requiring Reasoning Level 2.  ECF
27 No. 11 at 7. He further argues that Reasoning Level 2 involves few concrete variables in or from
28 standardized situations, whereas Reasoning Level 1 speaks to the frequency of variables

1  (changes) as occurring occasionally or not at all.  Id. at 8.  Therefore, the similarity between the

2  language in Reasoning Level 1 and the ALJ's determination that plaintiff is restricted to

3  occupations that only have *occasional* changes in the workplace indicate that plaintiff should be

4  assigned occupations that require no more than Reasoning Level 1.  Id. at 9.  Additionally,

5  plaintiff contends that the ALJ deviated from the DOT without requiring any substantial

6  explanation from the VE regarding the occupations the VE indicated plaintiff could perform.  Id.

7  at 9.

8       In opposition to plaintiff's arguments, defendant suggests that Reasoning Level 2

9  describes the cognitive abilities required to perform the job tasks, rather than the frequency of

10  performance.  ECF No. 13 at 2.  Defendant argues that plaintiff incorrectly interprets "variables"

11  in the DOT to mean "changes," thus providing plaintiff with a misguided conclusion that changes

12  in the work setting is synonymous with the term "variables."  Id.  Defendant argues that the VE

13  was not required to provide an explanation as to the discrepancy in their recommendation and the

14  DOT, because no such discrepancy exists.  Id. at 3.

15       Here, the residual functional capacity (RFC) indicates that plaintiff had the RFC to

16  perform "simple, routine, and repetitive tasks with only occasional changes in the work setting."

17  AR 29.  The ALJ's RFC assessment language is analogous to Reasoning Level 1.  Specifically,

18  plaintiff's limitations directly match the language of Reasoning Level 1 jobs that allow for

19  "occasional or no variables" in standardized situations.  ECF 11-2 at 3.  The undersigned is not

20  persuaded by defendant's argument that "setting" is so distinct from "variables" that the court can

21  ignore the similarity in language between plaintiff's RFC and the DOT expectations under

22  Reasoning Level 1.  Though defendant refers to the Mirriam-Webster dictionary definition of the

23  word "setting" he cites no basis for his argument in caselaw.  Nor is the semantic distinction that

24  defendant urges of any obvious practical difference in the relevant context, which is the

25  workplace.  Because the ALJ's RFC assessment is equivalent to the language used in the DOT

26  definition of Reasoning Level 1 jobs only, and because the jobs suggested by the VE, the

27  subassembler (DOT 729.684-054), routing clerk (DOT 222.687-022), and addresser (DOT

28  209.587-010) are Reasoning Level 2 occupations, ECF No. 11 at 5-6, the undersigned finds that

there is an apparent inconsistency between plaintiff's RFC and the demands of the occupation that ALJ found plaintiff could perform at Step Five.

Furthermore, it is the Commissioner's burden to prove that plaintiff can perform other work that exists in significant numbers in the national economy at Step Five. Hill, 698 F.3d at 1161. Here, the ALJ failed to elicit testimony from the VE providing clarification on whether plaintiff would be able to perform the tasks as listed under Reasoning Level 2 despite his RFC being analogous to Reasoning Level 1. The VE testimony did indicate that plaintiff would not be able to perform Reasoning Level 3 occupations, by proof of his failed work history. AR 68. But when presented with a hypothetical, in which the ALJ read off plaintiff's proposed RFC, the VE simply listed potential occupations that he believed plaintiff would be able to perform. A R 69-70. Further, the VE testified that his recommendation with respect to factors not found in the DOT, here being "exposure to supervisor, co-workers, and the public along with the nature and frequency of that exposure," was based on his own training, experience, and expertise. AR 70. The ALJ never directly addressed, and the VE provided no testimony, explaining the discrepancies that existed in the RFC language and work-associated Reasoning Level. This supports a conclusion that there is an apparent inconsistency between plaintiff's RFC and the demands of the occupations the ALJ found plaintiff could perform at Step Five. Accordingly, the ALJ's Step Five finding was not supported by substantial evidence.

B. Remand is the Appropriate Remedy

As discussed above, the ALJ erred at Step Five by stating plaintiff could perform work that is inconsistent with the RFC he assigned to plaintiff. That error was not harmless, because if the jobs that the ALJ relied on to support his finding that plaintiff can perform work existing in the national economy are not clearly available to plaintiff per the assigned RFC, it is unclear whether or not any work is available to plaintiff. This may impact the ultimate finding of disability.

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]hether the record has been developed fully

and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, further factual development is needed to determine whether positions are available in the national economy compatible with plaintiff's RFC.  For these reasons, the matter is reversed and remanded to the Commissioner for further factual development.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 13), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

SO ORDERED.

DATED: March 14, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE